# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-51063
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

PEDRO FRANCISCO VARGAS-SANTILLAN,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:13-CR-1373-1

Before SMITH, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Pedro Francisco Vargas-Santillan appeals the 33-month within-

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guidelines sentence imposed in connection with his conviction of illegal reentry following deportation. He challenges the substantive reasonableness of his sentence, urging that the sentence is longer than necessary to accomplish the objectives of 18 U.S.C. § 3553(a). In support, he questions the application of U.S.S.G. § 2L1.2, the illegal-reentry guideline, in calculating his range, asserting that it double-counts his 1985 conviction, lacks an empirical basis, and fails to account for the nonviolent nature of his offense, which he asserts is an "international trespass." Also, he claims that the district court failed to account for his personal circumstances and the circumstances of this offense. Specifically, he notes that he returned to the United States for his family.

Because Vargas-Santillan did not object to reasonableness, we review for plain error. *See United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007). Although Vargas-Santillan challenges the application of the presumption of reasonableness as applied to his within-guidelines sentence under § 2L1.2, he acknowledges that the issue is foreclosed and raises it only to preserve it for possible future review. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 366–67 (5th Cir. 2009).

The fact that § 2L1.2 lacks an empirical basis and double-counts convictions does not render a within-guidelines sentence unreasonable. *United States v. Duarte*, 569 F.3d 528, 529–30 (5th Cir. 2009). With respect to the age of the conviction, the "staleness of a prior conviction used in the proper calculation of a guidelines-range sentence does not render a sentence substantively unreasonable and does not destroy the presumption of reasonableness that attaches to such sentences." *United States v. Rodriguez*, 660 F.3d 231, 234 (5th Cir. 2011). There is no merit to the contention that the guidelines fail to account for the nonviolent nature of an illegal-reentry offense. *United States v. Aguirre-Villa*, 460 F.3d 681, 683 (5th Cir. 2006).

No. 13-51063

The district court considered Vargas-Santillan's arguments for a lesser sentence but found that a sentence at the bottom of the range was appropriate. Vargas-Santillan's contentions regarding his mitigating factors and benign motive do not rebut the presumption of reasonableness and fail to show that the court plainly erred. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009); *United States v. Gomez-Herrera*, 523 F.3d 554, 565–66 (5th Cir. 2008).

AFFIRMED.